IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

---

**SHELLY MARIE SCANTLAND,**
*Individually, on behalf of herself
and on behalf of all other similarly
situated current and former employees*,

Plaintiff,

v.

**PACESETTERS, INCORPORATED,**
*A Tennessee Nonprofit Corporation,*

Defendant.

Case No. 2:18-cv-00095

Judge Crenshaw
Magistrate Judge Newbern

FLSA Opt-in Collective Action
**JURY DEMANDED**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Come now Plaintiffs,[1] Shelly Scantland, et. al., and Defendant, Pacesetters, Incorporated, ("Defendant") and jointly notify the Court that they have resolved all of Plaintiffs' claims in the above-referenced action. The parties jointly move the Court for entry of an Order approving the parties' settlement agreement resolving all of Plaintiffs' claims raised in this matter under the Fair Labor Standards Act, 29 U.S.C. § 216(b). The settlement resolves all claims in this case. Accordingly, the parties hereby stipulate to the voluntary dismissal of Plaintiffs' claims against Defendants in this action with prejudice, pursuant to Fed. R. Civ. P. 41.

1. Named Plaintiff filed an original complaint against Defendant on November 8, 2018. Named Plaintiff's Complaint was asserted on behalf of herself and other similarly situated

---

[1] There is one named Plaintiff in this lawsuit, Shelly Scantland ("Named Plaintiff"). Both prior to and subsequent to the issuance of a court authorized notice following the granting of the Parties Stipulation on Conditional Certification [Doc. 25], 54 additional plaintiffs opted in to the lawsuit within the time set by the Court. These plaintiffs are collectively referred to as "Opt-In Plaintiffs." Named Plaintiff and Opt-in Plaintiffs are collectively referred to as "Plaintiffs."

employees. The original complaint asserts claims for unpaid wages, including overtime wages, liquidated damages and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Based on the parties' agreement, the Court granted the Parties' Stipulation on Conditional Certification [Doc. 25] and Notice was sent to all current and former non-exempt employees on September 9, 2019. [Doc. 26]. The time period to opt-in to the lawsuit has expired.

3. The parties have reached an agreement to settle all of Plaintiffs' claims asserted against the Defendant in the Complaint in this matter, as well as any additional claims that Plaintiffs' may have against Defendant. A copy of the settlement agreement is attached hereto as *Exhibit A*.

4. Pursuant to the case law on FLSA claims, there are two methods in which claims of this nature can be settled and released by employees. First, under § 216(c), employees may settle and release claims under the FLSA if payment of unpaid wages by the employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *Rampersad v. Certified Installation*, LLC, 2012 U.S. Dist LEXIS 167156, at *2 (E.D. Tenn. 2012) (Lee, Magis.) *but see Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court or DOL approval).[2] In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

---

[2] The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved, and the Parties urge the Court to adopt the reasoning employed in *Martin v. Spring Break '83 Products, LLC*.

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

5. The settlement in this case involves the method by which the Court may approve the parties' settlement so as to resolve and release the Plaintiffs' FLSA claims. The proposed settlement arises out of an action brought by Plaintiff, individually and on behalf of others, against her former employer, which was adversarial in nature. Both Plaintiffs and Defendant have been represented by legal counsel throughout this process, Plaintiffs' claims were disputed, and the settlement was reached following arm's length negotiations. Consequently, the parties submit that the settlement is fair and reasonable and should be approved by the Court.

6. Pursuant to the settlement reached by the parties for Plaintiffs' FLSA claim, Plaintiffs will receive compensation based on a three (3) year period from the date they opted in to the lawsuit for alleged compensable time worked off the clock for which they were not paid plus an equal amount in liquidated damages, costs and reasonable attorney's fees in this action as set out in the executed settlement agreement. The settlement of this claim results from a *bona fide* compromise between the parties on a variety of disputed issues of law and fact. The settlement occurred on an arm's length basis as the result of the informal discovery via an exchange of information and pay data resulting in phone conferences and email correspondence between

Plaintiffs' counsel and Defendant's counsel. The parties stipulate that they are resolving the matter in order to avoid unnecessary further costs, time and risks associated with continuing this litigation and in an amount to fully compensate Plaintiffs for their claims. The parties undertook detailed legal and factual analyses of the claims and defenses in this action. The legal and factual nature of the claims and defenses in this case would have caused significant additional unnecessary expense for the parties should it have been necessary to try the case.

7. The settlement negotiated in this case reflects a reasonable compromise of the disputed issues. The parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations. The parties were counseled and represented by their respective attorneys throughout the litigation, negotiation and settlement process. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

8. The parties have also reached an agreement as to the amount of attorneys' fees payable to Plaintiffs' legal counsel. Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Attorney fees are to be based upon "a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained." *Posner v. The Showroom, Inc.*, 762 F.2d 1010 (6th Cir. 1985) (per curiam).

> An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). We thus determine "whether the lower court abused that discretion by awarding an unreasonable fee." *Id*. Since the FLSA does not discuss what constitutes a reasonable fee, "the determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Id*.

> The purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Id*. at 502. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here "encourages the vindication of congressionally identified policies and rights." *Id*. at 503. Indeed, we have "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 13108 at * 2 (6th Cir. 1985) (unpublished).

*Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994).

Counsel for Plaintiffs note that no expenses will be deducted from the amounts recovered by Plaintiffs. Any expenses incurred will be deemed covered with the attorney's fees and additional costs paid to counsel for Plaintiffs. Specifically, Plaintiffs' counsel has spent over one-hundred eighty (180) hours litigating this matter including, for example: propounding written discovery and document production requests to Defendant, drafting declarations from Plaintiffs, drafting and filing the Motion for Conditional Certification, drafting and filing the Stipulation to Conditional Certification, administering class mailing, and negotiating this settlement. Plaintiffs' counsel will spend more hours finalizing this settlement and distributing the settlement proceeds. At a reasonable hourly rate of $350 per hour, Plaintiffs' Counsel would be entitled to $63,000.00. The amount requested by Plaintiffs' Counsel ($17,300 in fees and $5,700.00 in expenses/costs) includes all costs and is less than would be billed for comparable work to an hourly-paying client. Plaintiffs' Counsel submits that the fee request represents only a fraction of the time Plaintiffs' Counsel incurred in connection with litigating this matter. Finally, Defendant has agreed to pay this amount as fees and costs and do not oppose Plaintiffs' Counsel's request.

9. Plaintiffs intend this settlement of their claims to represent a final resolution of all claims that were actually raised or that could have been raised in this action.

WHEREFORE, for the foregoing reasons, the remaining parties jointly request that their Joint Motion for Approval of Settlement be granted and that the Complaint of Plaintiffs be dismissed, with prejudice. A proposed Order granting the Motion will be submitted to the Court for approval.

Respectfully submitted, this 14th day of September, 2020.

/s/ Mary Dee Allen
Mary Dee Allen, BPR No. 15614
Edward H. Trent, BPR No. 30045
**WIMBERLY LAWSON WRIGHT DAVES & JONES PLLC**
1420 Neal Street, Suite 201
P.O. Box 655
Cookeville, TN 38503-0655
Telephone: (931) 372-9123
Facsimile: (931) 372-9181
mallen@wimberlylawson.com
etrent@wimberlylawson.com

/s/ Gordon E. Jackson
Gordon E. Jackson (TN Bar No. 08323)
J. Russ Bryant (TN Bar No. 033830)
Robert E. Turner, IV (TN Bar No. 035364)
Nathaniel A. Bishop (TN Bar No. #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of September, 2020 a true and correct copy of the foregoing Joint Motion to Approve Settlement was served via electronic mail upon the following counsel of record:

Mary Dee Allen, BPR #15614
Edward H. Trent, BPR #030045
Wimberly Lawson Wright Daves & Jones, PLLC
1420 Neal Street, Suite 201
P.O. Box 655
Cookeville, TN 38503-0655
(931) 372-9123
*mallen@wimberlylawson.com*
*etrent@wimberlylawson.com*

s/Gordon E. Jackson
Gordon E. Jackson