UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SHELLY MARIE SCANTLAND,** individually and on behalf of all other similarly situated current and former employees, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| **PACESETTERS, INC.,** | |
| Defendant. | |

NO. 2:18-cv-00095

## ORDER

The Joint Motion of Plaintiffs, Shelly Scantland, individually and on behalf of all other similarly situated current and former employees of Defendant Pacesetters, Incorporated ("Defendant"), for Approval of Settlement and dismissal of claims is **GRANTED**.[1]

1. Plaintiffs seek to recover unpaid wages allegedly owed to her and other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendant disputes these claims. The Parties' Stipulation on Conditional Collective Action Certification was granted (Doc. No. 25), and notice was provided to all current and former non-exempt employees of Defendant on September 9, 2019. The time period for opting in to this litigation has expired.

2. After discovery and investigation, the parties entered into settlement negotiations and reached a settlement. The parties have filed a Joint Motion for Approval of Settlement and provided the Court with a copy of the Settlement Agreement. After reviewing the relevant

---

[1] After notice, 54 additional plaintiffs opted in to the lawsuit within the time set by the Court. These plaintiffs are collectively referred to as "Opt-In Plaintiffs." Named Plaintiff and Opt-in Plaintiffs are collectively referred to as "Plaintiffs."

documents and the record as a whole, the Court is satisfied that the settlement is a fair and reasonable resolution of the parties' *bona fide* dispute.

3. The Court further finds that, given the legal and factual strengths and weaknesses of each of the parties' respective positions, the proposed settlement in this matter represents a fair and reasonable resolution of the dispute. The Court notes that the parties have reached an agreement as to payment of reasonable attorney fees, and further notes that the settlement amounts will not be further reduced to pay for expenses incurred in this matter. The fees payable to Plaintiffs' attorneys will be used to account for any expenses. Additionally, as to attorney fees, the Court finds that said fees are reasonable. Defendant does not dispute the reasonableness of said fees.

4. As part of their settlement, which the Court approves, the parties stipulate to the voluntary dismissal of all of Plaintiffs' claims against Defendant in this action, including all state law wage claims.

Accordingly, the proposed settlement, as contained in the parties' settlement agreement, is **APPROVED**, and the claims of Plaintiffs in this action are **DISMISSED WITH PREJUDICE.** All parties are to bear his, her, or its own costs and attorney's fees.

The Clerk is directed to close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 2:18-cv-00095   Document 66   Filed 09/16/20   Page 2 of 2 PageID #: 262